IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1223-LPS |
| DOVER SAM'S CLUB EAST, INC. and SYNCHRONY BANK, | : |
| Defendants. | : |

Nina Shahin, Dover, Delaware. Pro Se Plaintiff.

Benjamin P. Chapple, Esquire, Reed Smith LLP, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

August 13, 2018
Wilmington, Delaware

**STARK, U.S. District Judge:**

Plaintiff Nina Shahin ("Shahin"), who proceeds *pro se*, filed a letter she asked to be considered as a formal petition for transfer of a case she filed in the Court of Common Pleas for the State of Delaware in and for Kent County, *Shahin v. Dover Sam's Club East, Inc.*, C.A. No. CPU5-16-001075. (D.I. 1) The petition was docketed as a notice of removal. Shahin filed an amended notice on November 13, 2017. (D.I. 7) Shahin has also filed a motion to transfer the case to this Court and a motion for access to the tape of a hearing held on June 28, 2017. (D.I. 5, 6) For the reasons discussed below, the Court will remand the case to the Court of Common Pleas for the State of Delaware in and for Kent County.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Shahin commenced this case when she filed a complaint in the Court of Common Pleas for the State of Delaware in and for Kent County on November 14, 2016 against Defendants Dover Sam's Club East, Inc. ("Sam's Club") and Synchrony Bank ("Synchrony").[1] (D.I. 7 at Exs. B, C) The Complaint alleges "an intentional and illegal harassment orchestrated by collusion between the Dover Sam's Club and Synchrony Bank in response to the Plaintiff's dissatisfaction with her failure to purchase a desired and advertised item." (*Id.*) She alleges illegal denial of credit as well as poor service of the Sam's Club that did not match advertised quality of service. (*Id.*) On August 17, 2017, the Court of Common Pleas granted motions for summary judgment filed by both Defendants.[2] (D.I. 1 at Attach. 1; D.I. 7 at Ex. B) The actions against both Defendants were dismissed with prejudice. (D.I. 1 at Attach. 1)

---

[1] On November 13, 2017, Shahin filed some, but not all, of the documents filed in the State Court action. (D.I. 7)

[2] The orders were not provided to the Court.

1

As discussed above, on August 28, 2017, Shahin filed a letter in this Court asking it be considered as a formal petition for transfer of a case. (D.I. 1) It was docketed as a notice of removal. She filed an amended notice of removal on November 13, 2017. (D.I. 7)

On September 5, 2017, Shahin filed in the Court of Common Pleas a "demand for transfer of the case to the District Court for the District of Delaware." (D.I. 7 at Ex. A) The Court of Common Pleas denied the motion on October 11, 2017 on the grounds that "there is no rule in this Court that permits such a transfer of a case." (*Id.*) Thereafter, on October 17, 2017, Shahin filed a motion for reconsideration in the Court of Common Pleas, which was denied on December 19, 2017. (D.I. 7 at Ex. A; *see also Shahin v. Sam's Club East, Inc.*, C.A. No. K18A-01-001 NEP at BL-6) On January 2, 2018, Shahin appealed the order to the Superior Court for the State of Delaware in and for Kent County. *See id.* at BL-1.[3]

On November 29, 2017, Defendants advised the Court of their opposition to removal. (D.I. 8) They contend Shahin improperly seeks removal of an action that has been fully adjudicated and was dismissed with prejudice on August 17, 2017. (*Id.*) They further argue that Shahin is a plaintiff, and under 28 U.S.C. § 1441, *et seq.*, the right of removal is afforded solely to a defendant. (*Id.*) Defendants ask the Court to deny Shahin's request to remove. (*Id.*) The Court construes Defendants' letter as a motion to remand. Shahin responded on February 7, 2018, and contends that Defendants' arguments have no legal validity. (D.I. 9)

## II. LEGAL STANDARDS

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a), which states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and

---

[3]The Court takes judicial notice that on June 20, 2018, the Superior Court affirmed the decision of the Court of Common Pleas and then denied Shahin's motion for reconsideration on July 31, 2018.

2

division embracing the place where such action is pending." In order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). Sections 1441(a) and 1443 both provide that the action may be removed by the defendant to the district court of the United States. *Id.* at §§ 1441(a), 1446. The removal statutes are strictly construed, and require remand to State court if any doubt exists over whether removal was proper. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *See Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010. Upon a determination that a federal court lacks subject matter jurisdiction, the District Court is obligated to remand the case to the State court from which it was removed. *See Scott v. New York Admin. for Children's Services*, 678 F. App'x 56 (3d Cir. Feb. 28, 2017).

### III. DISCUSSION

Shahin's removal fails for a number of reasons. First, the removal statutes are construed narrowly, and doubts about removal are resolved in favor of remand. Second, removal by a plaintiff is not contemplated by 28 U.S.C. § 1446(a). The removal statute speaks only of the rights of removal of the "defendant" or "defendants." *Gross v. Deberardinis*, 722 F. Supp. 2d 532, 534 (D. Del. 2010). Third, Shahin filed her petition for transfer, construed as a notice of removal, well beyond the 30 days allowed by § 1446(b). Fourth, the Complaint does not raise federal claims and,

3

therefore, jurisdiction does not vest pursuant to 28 U.S.C. § 1331. Nor is there diversity jurisdiction under 28 U.S.C. § 1332, given that the prayer for relief seeks damages in the amount of $20,000 plus court costs. In order for diversity jurisdiction to lie, the amount in controversy must be at least $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Fifth, to the extent Shahin contends jurisdiction lies by reason of a federal question, the removal statute provides that "all defendants" who have been properly joined and served must join in or consent to the removal of the action. *See e.g., Auld v. Auld*, 553 F. App'x 807 (10th Cir. Jan. 29, 2014) (removal defective where removing party clearly "lacked an objectively reasonable basis for seeking removal"); *Anderson v. Toomy, L.P.*, 2008 WL 4838139, at *3 (D. Utah Nov. 4, 2008) (only defendant may remove to federal court). Neither defendant joined in or consented to the removal. Sixth, there is nothing left to remove in light of the fact that the all claims were fully adjudicated by the Court of Common Pleas. *See* 28 U.S.C. § 1446(a) (notice of removal can be filed only in district and division where action in state court is pending); *see also Anderson*, 2008 WL 4838139, at *3 (final judgment may only be appealed, not removed to federal court). This Court does not have jurisdiction and, therefore, the Court of Common Pleas case is not properly before this Court.

## IV. CONCLUSION

For the above reasons, the Court will remand the case to the Court of Common Pleas for the State of Delaware in and for Kent County. All pending motions will be denied as moot. (D.I. 5, 6)

An appropriate Order will be entered.