IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1223-LPS |
| | : Court of Common Pleas of the State of |
| DOVER SAM'S CLUB EAST, INC. and | : Delaware in and for Kent County |
| SYNCHRONY BANK, | : C.A. No. CPU5-16-001075 |
| Defendants. | : |

**MEMORANDUM**

1. **Introduction.** Plaintiff Nina Shahin ("Shahin"), who proceeds *pro se*, removed this case from the Court of Common Pleas for the State of Delaware in and for Kent County, *Shahin v. Dover Sam's Club East, Inc.*, C.A. No. CPU5-16-001075. (D.I. 1, 5, 6, 7) On August 14, 2018, the Court remanded the case to the Court of Common Pleas for the State of Delaware in and for Kent County. (D.I. 10, 11)

2. Plaintiff filed a motion for reargument, construed by the Court as a motion for reconsideration. (D.I. 12) She recently filed a motion to amend the motion for reargument, and it will be granted. (D.I. 13) Plaintiff moves for reconsideration on the grounds that the Court provides no legal support for its ruling and the presiding judge committed "falsifications" in the memorandum opinion and order. (D.I. 12) Defendants oppose the motion.

3. **Motion for Reconsideration.** The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of

1

new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (internal citation omitted).

4. Plaintiff's displeasure with this Court's rulings does not meet the requisites for reconsideration. Plaintiff's motions fail on the merits because she has not set forth any intervening changes in the controlling law; new evidence; or clear errors of law or fact made by the Court in its two orders to warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. Nor does she address the fact that her claims were fully adjudicated in State Court. Nonetheless, once again the Court considers the filings of the parties and the evidence of record. Plaintiff has failed to demonstrate any of the grounds to warrant a reconsideration. For these reasons, the motion will be denied. (D.I. 12)

5. In their opposition, Defendants ask the Court to award their costs and fees in connection with their opposition and to enjoin Plaintiff from future filings in this Court concerning them. (D.I. 14) Their request will be denied. The Court notes this is the first motion for reconsideration Plaintiff has filed in this action and it is the only case filed in this Court naming Plaintiff and Defendants.

6. **Conclusion.** The Court will: (1) grant Plaintiff's motion to amend her motion for reconsideration (D.I. 13); (2) deny Plaintiff's motion for reconsideration (D.I. 12); and (3) deny Defendant's request for costs and fees and to enjoin Plaintiff (D.I. 14). An appropriate order will be entered.

March 13, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

2